UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MANZOOR QADAR,

                            Petitioner,

    -against-

THE UNITED STATES OF AMERICA,

                            Respondent.
------------------------------------------------------------x

MEMORANDUM & ORDER

13-CV-2967 (ARR)

NOT FOR PRINT OR
ELECTRONIC PUBLICATION

ROSS, Senior United States District Judge:

On May 7, 2013, *pro se* petitioner Manzoor Qadar, who is currently incarcerated at the Federal Correctional Institution at Otisville, New York, filed a "Writ of Error Audita Querela" pursuant to the All Writs Act, 28 U.S.C. § 1651(a). For the reasons discussed below, the motion is denied.

## BACKGROUND

On April 17, 2002, a jury reached a verdict finding petitioner guilty on one count of murder-for-hire, a related count of conspiracy, and a firearms violation. United States v. Quadar, et al.,[1] No. 00 CR 603-1 (ARR) (E.D.N.Y.). Petitioner was represented at trial by retained counsel Alexei M. Schacht. On November 26, 2002, at petitioner's request, Schacht was replaced by new retained counsel, Uzmah Saghir. Saghir represented petitioner in a motion for a new trial, at sentencing, and on his direct appeal. She filed a Rule 33 motion for a new trial on March 38, 2003, which was denied on May 8, 2003. Petitioner was sentenced in this Court on June 10,

---

[1] Although petitioner was convicted under the name "Manzoor Quadar," he files the instant petition under "Manzoor Qadar," which is also how he is identified by the Bureau of Prisons. See Federal Bureau of Prisons website, http://www.bop.gov/, inmate lookup service.

1

2003, to two concurrent life sentences and an additional five-year term to run consecutively. Petitioner appealed his sentence to the United States Court of Appeals for the Second Circuit, which affirmed the conviction and sentence on March 16, 2007. United States v. Quadar, No. 03-1386-cr, 2007 WL 786338 (2d Cir. Mar. 16, 2007).

Petitioner now files the instant motion attacking his conviction and sentence, purportedly as a motion for a writ of error audita querela under the All Writs Act, 28 U.S.C. § 1651. The caption specifically disclaims any intent to file a motion pursuant to 28 U.S.C. § 2255 ("§ 2255"). In his motion, petitioner cites Schlup v. Delo, 513 U.S. 298 (1995) for the proposition that a claim of "actual innocense" may serve as a "gateway" to claims that would otherwise be procedurally barred from habeas review. However, the petition does not assert a claim of actual innocence.

The basis for petitioner's motion is the alleged violation of his right to the effective assistance of counsel at trial, at sentencing, and on appeal. Petitioner asserts that trial counsel failed to effectively challenge the government's case regarding its claim of "multiple conspiracies," "failed to produce relevant caselaws [*sic*], and statutes to support petitioner Qadar['s] defense," and "failed to propose proper instruction on petitioner Qadar's only defense." (Pet. at 13, 16.) He does not identify any prejudice that occurred as a result of these alleged failings. Petitioner alleges that his new counsel at sentencing and on appeal was ineffective because she failed to object to the pre-sentence report as it related to the consecutive sentence on the firearms conviction, filed a meritless motion for reconsideration of the Rule 33 Motion, and requested multiple extensions to file his appeal. (Pet. at 18-19, 21.) He cites her subsequent removal from the Second Circuit bar. (Pet. at 21-22.) See also In re Saghir, 595 F.3d 472, 478 (2d Cir. 2010) (removal from the Second Circuit bar); In re Saghir, 925 N.Y.S.2d 99 (App. Div.

2011) (disbarment). He does not identify any prejudice flowing from her alleged errors.

Petitioner has not filed any prior motion or petition collaterally attacking his conviction. The instant petition does not allege any intervening change in law or new legal objection that arose after the conviction was entered or that could not have been raised on direct review or through a petition pursuant to § 2255.

## DISCUSSION

The writ of audita querela, like the writ of error coram nobis, is a common-law writ that has largely been replaced in the federal criminal context by the statutorily constructed writ of habeas corpus available pursuant to § 2255. The common-law writs have limited continuing validity. "Audita querela is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy." United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995) (citing United States v. Holder, 936 F.2d 1, 5 (1st Cir. 1991)).

"The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Penn. Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985). Thus, "audita querela is not available when the relief sought [was] available through another post-conviction remedy." Durrani v. United States, 294 F. Supp. 2d 204, 217 (D. Conn. 2003) (citing United States v. Tablie, 166 F.3d 505, 507 (2d Cir. 1999)). In this case, petitioner's collateral challenge to his conviction and sentence is specifically covered by

§ 2255, so a writ under the All Writs Act would normally not be available.[2] Accordingly, petitioner must bring his collateral challenge to his conviction and sentence under § 2255. His petition for a writ of audita querela is hereby denied.

The Court considered whether to construe the petition as one filed pursuant to § 2255, with notice to petitioner of the procedural requirements and the opportunity to withdraw. However, as petitioner has specifically insisted that his "motion is not pursuant to Title 28 U.S.C. § 2255," the Court will not follow this course. Petitioner may choose to file a petition under § 2255, and he may do so by filing an amended petition under this docket number, within 30 days of the date of this Order, or by filing a new petition. However, he should be aware that petitions pursuant to § 2255 are subject to significant gate-keeping provisions, including strict time limitations. While it would seem that a petition pursuant to § 2255 may already be time-barred by the statute of limitations, petitioner may be able to assert a basis for equitable tolling or raise an "actual innocence" claim as a "gateway" to habeas corpus review. See Schlup v. Delo, 513 U.S. 298, 315 (1995).

## CONCLUSION

For the foregoing reasons, the petition for a writ of audita querela is denied. Petitioner

---

[2] Courts have found some exceptions: "if the absence of any avenue of collateral attack would raise serious constitutional questions about the laws limiting those avenues, then a writ of audita querela would lie." United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007). However, courts have previously held that the procedural limitations of § 2255 do not make it an "inadequate or ineffective" post-conviction remedy that would give rise to a writ of audita querela. See, e.g., Triestman v. United States, 124 F.3d 361, 376 (2d Cir. 1997) (holding that § 2255 would not be considered an "inadequate or ineffective" post-conviction remedy merely because it was procedurally unavailable; a prisoner must also show that "the failure to allow for collateral review would raise serious constitutional questions"); United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (Section 2255 is not inadequate or ineffective simply because its statute of limitations has run); Collins v. United States, No. 99 Civ. 6717 (RR), 2000 WL 516892, at *6 (E.D.N.Y. Mar. 8, 2000) (the untimeliness of a § 2255 petition was not grounds to invoke the All Writs Act).

4

may move to reopen the petition by filing a motion pursuant to § 2255, within 30 days of the date of this Order. All further proceedings shall be stayed for 30 days. If petitioner fails to file a § 2255 motion within 30 days, judgment denying the writ of audita querela shall enter. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/ ARR

ALLYNE R. ROSS
Senior United States District Judge

Dated: Brooklyn, New York
June 5, 2013

SERVICE LIST

Pro Se Plaintiff

Manzoor Qadar
6047674-053
FCI PO Box 1000
Otisville, NY 10963